## COMMONWEALTH *vs.* CHARLES THRASHER.

The refusal of a judge in a criminal trial to ask persons summoned as jurors, whether they belong to any association formed for the purpose of enforcing the law under which the defendant is indicted, is no ground of exception, if the defendant's counsel disclaims any knowledge or suspicion of any such connection, and assigns no ground for making the request.

INDICTMENT for being a common seller of spirituous and intoxicating liquors. Trial and conviction in the court of common pleas in Franklin, before *Briggs*, J., to whose rulings the defendant alleged exceptions, the material part of which is stated in the opinion.

*W. Griswold,* for the defendant, cited Rev. Sts. c. 95, § 27; *Commonwealth* v. *Egan,* 4 Gray, 18; *Commonwealth* v. *Abbott,* 13 Met. 120.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. The only one of the several questions reserved in the exceptions, which was adverted to or relied upon by the counsel for the defendant at the argument, is that relating to the alleged error and irregularity in the empanelling of the jury. In the case of *Commonwealth* v. *Gee,* 6 Cush. 177, it is said by Dewey, J., in delivering the opinion of the court, that "the whole matter relative to the examination of jurors beyond the provisions of the statute must be left to the sound judgment and judicial discretion of the presiding judge." Upon that principle the ruling of the judge in the present case, which is objected to, must be considered a conclusive and final adjudication, in no way open to exception.

But if the correctness of the decision itself be inquired into, it will be found to have been legal and judicious, and fully justified by the circumstances under which the question arose. It is undoubtedly of the first and highest importance that, on the trial of a party charged in an indictment or complaint with the commission of any offence, every juror should be perfectly indifferent to the cause, and free from all interest and from every prejudice or bias of mind which would be likely in any

way unduly to affect or influence its decision.  For this purpose our courts have always considered that it was not only a right but a duty to go beyond the questions prescribed by the statute, whenever a proper occasion for the exercise of the power should occur.  In such an exigency the proposed juror may be subjected to a further examination, and upon other and different topics; or his fitness and impartiality may be ascertained upon a consideration of such evidence as may be adduced respecting it.  But this power will not be exercised unless some good and sufficient reason is assigned for its exercise.  All those persons, who under the provisions of our statutes are summoned to attend as jurors at the term of any court having jurisdiction in criminal cases, are in general to be treated as being disinterested and impartial men, duly qualified to enter upon the discharge of their official duties.  Yet it is expressly enjoined upon the court in all civil cases upon the request of either of the parties to the suit, and the same principle has been extended by repeated judicial decisions to all public prosecutions, to propound to the proposed juror certain specified questions for the purpose of ascertaining if he is in any way disqualified from serving in that capacity.  When this has been done, and the statute questions have been answered satisfactorily, the court will not permit the juror to be causelessly subjected to any disparaging imputation; such, for instance, as that he has elsewhere taken upon himself obligations inconsistent with his duty to the government and which disqualify him from sitting upon the jury.  It was at that point in the course of proceedings in the present case, when the defendant's counsel requested that each member of the panel might be severally inquired of " whether he was a member of any association of men combined for the purpose of enforcing the execution of the law under which this indictment was found, and binding themselves to contribute money for such ' purpose." Upon making this request, all knowledge of any such connection or engagement was expressly disclaimed, and not a single fact or consideration was suggested, as affording a reason or cause why it should be feared or suspected.  The refusal of the

court to commence the inquiries and enter upon the proposed investigation under such circumstances was perfectly correct. If any real ground of objection to the juror existed, or was justly suspected to exist, it should have been disclosed to the court, and that might properly have been made the basis of inquiry. Without at least some such reason as this, the decent and orderly administration of justice, and the observance of a proper respect for the character and feelings of the jury, equally justified the refusal of the court to yield to the defendant's request, or to enter upon the additional examination which he asked for. *Exceptions overruled.*